Douglass, J.
This is an action brought by a property owner to enjoin the auditor from offering his property at forfeited sale on the second Monday in April, 1898; the case was tried on an argeed statement of facts.
1. We hold that this property was never legally put upon the delinquent list because the treasurer did not sufficiently state his reason for not collecting the taxes on this property in his certificate to the auditor in August, 1896, under section 1101. The only reason given is “payment not tendered”. We hold that this is not a sufficient compliance with the statute.
2. The property was not legally offered at delinquent tax sale. Section 2870 provides that this sale shall be held by the treasurer on the third Tuesday in January. An amendment to section 2861 provides that the auditor should advertise this sale between the 20th of December and the first Monday in February, This dees not have the effect of changing the positive requirements of section 2870, which fixes the day for the sale. It was possible to comply with section 2861 as amended, and at the same time to obey section 2870, which should have been done.
3. The forfeited sale, held by the auditor in April, 1898, was not held according to law. Section 290áa provides that where the auditor has omitted to advertise the forfeited sale for the second Monday in December “by inadvertance or mistake”, he may advertise the sale on the second Monday in April of the following year.
*136 By the agreed statement of facts in this case, it appears that the auditor did not so fail to advertise the sale for the ■earlier date “by inadvertence or mistake”, but because “he 'was unable at the time to prepare said list for advertisement, owing to a pressure of business in his office.” This did not authorize the postponement of the sale under section 2904a,
Same judgment as was rendered in the common pleas court making the injunction perpetual.